Submitted on briefs September 15; modified November 3, 1931;
rehearing denied and case reversed and remanded April
19; motion to modify decree denied
May 17, 1932.

## BROOKFIELD CO. *v.* MART

(4 P. (2d) 311, 10 P. (2d) 594)

*Edw. C. Judd* and *G. C. & A. C. Fulton,* all of
Astoria, for appellant.

*Norblad & Hesse* and *F. M. Franciscovich,* all of
Astoria, for respondent.

■ KELLY, J. At the outset of this case, we are confronted with defendant's objection to the testimony offered by plaintiff in support of the items of plaintiff's account with respect to the contracts in question. Mr. Anderson, a witness for plaintiff, testified, in effect, that he had no personal knowledge of the transactions involved. He was then permitted, over the objection of defendant, to testify to that which he claimed he was able to ascertain from the books of the plaintiff. In plaintiff's case in chief, there was no testimony to the effect that the books in question had been correctly or accurately kept, the nearest approach thereto being an affirmative answer to the question by plaintiff's counsel referring to said books: "Those are the official records of your company?" Defendant's objection to this testimony should have been sustained: Vol II, Enc. of Evid., p. 688, and cases cited in note 37. *Rogers v. O'Barr & Dinwiddie* (Tex. Civ. App.) 76 S. W. 593; *Pabst Brewing Co. v. E. Clemens Horst Co.* (C. C. A.) 229 Fed. 913; *Dr. R. D. Eaton Chemical Co. v. Doherty,* 21 N. D. 175 (153 N. W. 966).

■ We are also confronted with the effect of plaintiff's express, formal and direct admission that the

contract, a copy of which is marked exhibit A and attached to defendant's answer, was on the 8th day of February, 1929, entered into by the plaintiff and the defendant. In plaintiff's brief, it is stated that plaintiff did not intend to make this admission. Repeatedly, however, defendant called attention to it in making his objections to testimony offered by plaintiff, which testimony properly could be received only on the theory that issue had been joined on defendant's allegations that said written contract had been executed. No application to amend, by denying said allegation, was made by plaintiff. We have no other recourse than to give it effect. This then defines the relationship existing between plaintiff and defendant. It negatives plaintiff's contention that defendant was merely an employee of plaintiff while performing the work entailed by the improvements contracts involved herein. A mere employee would have no occasion to purchase material for said contracts from his employer. His employer certainly would not agree to sell him the material to be used in the completion of such contracts.

■ It is upon the allegations of defendant's amended answer and the issues joined by plaintiff's reply thereto that we consider this case. While we have said that defendant's objection should have been sustained to plaintiff's testimony as to the alleged effect of the entries in plaintiff's books of account, nevertheless, since defendant, subsequent to interposing such objections, has seen fit to invoke the result of an examination by himself and his accountant of said books of account in support of the allegations of his amended answer, has presented a summary therefrom, and, in effect, has stipulated that the summaries prepared by plaintiff from said books of account are substantially

correct as to amounts, we feel justified in casting the account between the parties hereto and announcing the result thereof.

On the account of the Klevenhusen Packing Company contract, an error appears of ninety-four cents in computing the price of the 149 sacks of cement. On the statement of the J. V. Burns account, there is a similar error of five cents. We hold that the charges for office and overhead and for salary of superintendent should be disallowed. With respect to the Ilwaco contract, defendant testified that plaintiff quoted prices on crushed rock and sand at $2.50 and $2.25 respectively per yard, and defendant introduced in evidence a written memorandum corroborative of that testimony. We have employed those prices in computing the value of the crushed rock and sand used in concrete work which were supplied by plaintiff for the Ilwaco contract. Defendant testified that fifty-five cents per yard was the market price of fill sand used on the Ilwaco contract, and we have used that price instead of one dollar per yard charged by plaintiff. We have disallowed the item of W. K. Inman, $126.22, for the reason that the record convinces us that it was paid by defendant. While we have disallowed the salary of superintendent, we have nevertheless given plaintiff credit for $1,092.30 cash advanced to defendant as stated in defendant's exhibit 20. This covers not only the item which plaintiff claimed comprised such salary but other items as well. Defendant's testimony to the effect that he could not have used the amount of gasoline upon the Ilwaco contract, which is shown by plaintiff's summary, is not sufficient to warrant us in disallowing those items.

Defendant charged plaintiff with the item, "Use of Equipment, Aug. to Dec. 31, 5 mos. at $250 per mo.

$1,250.'' We think that the testimony does not support this charge, and, therefore, we have disallowed it.

With the foregoing explanation, we will content ourselves merely with stating the totals of the respective debits and credits given to the respective parties hereto by reason of the Klevenhusen Packing Company contract, the J. V. Burns contract and the Astoria contract.

With reference to the Ilwaco contract, we find said respective debits and credits to be as follows:

## ILWACO CONTRACT

### Plaintiff's Credits, Defendant's Debits.

| | | |
|---|---|---|
| 938½ | yards crushed rock at $2.50 per yard ..$ | 2,346.25 |
| 743½ | yards sand at $2.25 per yard | 1,672.88 |
| 119½ | yards fill sand at 55 cents per yard .... | 65.72 |
| 603 | paper sacks cement at $3.33 per barrel | 501.98 |
| 6054 | cloth sacks cement at $3.53 per barrel | 5,342.65 |
| | Builders' supplies | 357.59 |
| | Hauling | 136.59 |
| | Labor | 4,536.28 |

Sundries—

| | |
|---|---|
| Expenses of defendant | $34.25 |
| Board and room, defendant | 48.00 |
| Telephone and cash fare | 8.15 |
| 1 gallon gasoline for mixer | 11 |

Industrial insurance and medical aid—

| | |
|---|---|
| March | 17.07 |
| April and May | 52.78 |
| Transcript of records | 18.00 |
| Expenses of F. Nordstom | 4.00 |

Standard Oil Company—
227 gallons gasoline at 16

| | |
|---|---|
| cents | 36.32 |
| 1 barrel Zeroline | 18.46 |
| 1 case lubricant | 3.10 |

Shell Oil Company—
10 pounds grease at 11 cents 1.10
178 gallons gasoline at 14
cents ............................. 24.92
78 gallons gasoline at 13
cents ............................. 10.14
Industrial Insurance and
Medical Aid—
June ................................................. 23.90
R. G. Abram, empty sacks ...... 1.90
J. H. Petit ..................................... 19.00
C. H. Svenson ............................ .50
J. L. Latture ............................... 5.67
———— $ 327.37
Pacific Machine and Blacksmith ...........$ 13.29
Fisher Bros. Co. ....................................... 38.09
J. H. Petit, tools ..................................... 4.35
Rent of mixer ........................................... 300.00
Rent of trucks ........................................... 509.00
Advanced for Mart's tools ...................... 150.00
Bid bond Van Dusen Agency .................. 5.00
Cash advanced to Mart as per defend-
ant's statement, defendant's ex-
hibit 20 ...................................................... 1,092.30
$17,399.60

Plaintiff Debits, Defendant's Credits
Handling 1446 barrels cement at 10
cents per bbl. ........................................... 144.60
5588 empty sacks returned at 10 cents
each ............................................................. 558.80
Material sold by C. N. Larson ................ 2.55
140 gallons gasoline at 14 cents ............ 19.60
30 gallons oil at 35 cents ........................ 10.50
Cash paid on pay roll ............................... 410.56
Amount paid to plaintiff from pro-
ceeds of Ilwaco contract as alleged
in plaintiff's complaint ....................... 2,737.52
$ 3,884.13
Balance ................................................. 13,515.47
$17,399.60

The following is a summary of said account:

*Summary of Entire Account—*

Plaintiff's Credits, Defendant's Debits

| | |
|---|---|
| Klevenhusen Packing Company ..........$ | 458.80 |
| J. V. Burns .................................................. | 412.87 |
| Astoria (47 and Cedar Streets) .......... | 2,901.20 |
| Ilwaco ......................................................... | 13,515.37 |
| Interest on money advanced to defendant, $7,602.79 at 6 per cent for 4½ months ................................................. | 171.06 |

$17,459.30

Defendant's Credits, Plaintiff's Debits

| | |
|---|---|
| Klevenhusen Packing Company ................................$ | 661.15 |
| J. V. Burns .......................... | 440.50 |
| Astoria (47th and Cedar Sts.) .............................. | 3,408.61 |
| Municipal warrants of the par value of $13,500.00 received since decree herein was rendered in circuit court, less 8 per cent discount ................. | 12,420.00 |

$16,930.26

Balance due to plaintiff .... 529.04

$17,459.30

Plaintiff's exhibit BBB consists of a statement of the names of various people and institutions for whom defendant constructed sidewalks while engaged in completing the contracts involved in this case, and of the respective amounts received by defendant therefrom aggregating $1,541.90, as shown by said exhibit. Defendant testified that the amount received from this source was $1,591.20. (P. 382, Transcript of Testimony.) Inasmuch as no claim is made that funds or

504

material were advanced or furnished by plaintiff for these last-named contracts, other than as disclosed by plaintiff's summaries hereinbefore mentioned, we are unable to give probative value to said exhibit BBB or the testimony elicited concerning the items therein set forth.

■ In defendant's brief, complaint is made because the transcript of testimony has been marginally marked by brackets and these bracketed portions have been numbered and lettered. In plaintiff's brief, references are made to this numbering, lettering and marginal bracketing. In several places a line has been drawn through a word and another has been placed above it. As examples: On page 29, the word "money" has a line drawn through it and the word "warrants" is superimposed; on page 57, "any" in the word "anything" has two lines through it, and the word "some" is written above; on page 73, the word "indemnity," is attempted to thus be substituted for "intermediary," and on page 77, the words "did not" are interpolated in an answer. We agree with defendant that such practice is unwarranted and ought not to be followed. The manner in which this numbering and bracketing is treated in plaintiff's brief by repeated reference thereto demonstrates that no thought occurred to plaintiff's counsel of the impropriety of thus treating a record. While we hold that the record should not be marked or changed in any manner either by marginal brackets, underscoring of words or phrases, interpolations, erasures or otherwise, nevertheless we are impelled to add that the personal and professional standing of plaintiff's counsel is such as to dissipate any thought of intentional misconduct or irregularity on their part.

For the reasons stated, the judgment and decree of the circuit court is modified, and it is ordered, adjudged and decreed that plaintiff have and recover judgment against defendant in the sum of Five Hundred and Twenty-nine and 4/100 Dollars ($529.04).

And it is further ordered, adjudged and decreed that neither party hereto recover costs or disbursements in the circuit court, or on this appeal.

Modified and judgment rendered.

---

Petition for rehearing denied and case reversed and remanded
April 19, 1932.

ON PETITION FOR REHEARING
(10 P. (2d) 594)

KELLY, J.  In an effort intended only to serve the best interests of the parties hereto by rendering further litigation unnecessary, the writer gave not a little of time and study to the state of accounts between said parties as reflected by the testimony; and, based upon such consideration, cast the accounts and struck a balance as disclosed in the original opinion herein.

A petition for rehearing has been filed by defendant.  A careful reading of the brief of defendant upon this petition and of the brief of plaintiff thereupon, which latter brief was filed at the request of the court, convinces the writer that the record will not support the account as stated in the original opinion.

Moreover, upon the contested items thereof, the record is so unsatisfactory that only a very general approximation to accuracy can be attained. Both parties hereto are entitled to a more exact and accurate determination than the testimony in its present state permits.

For these reasons, the original opinion is modified by rescinding and revoking the statement of account therein rendered between the parties; and, because of the errors in law, as determined in the original opinion, it is ordered that the decree of the circuit court be and the same is reversed and the cause remanded for a new trial. We venture to suggest that a reference of this case to an experienced accountant would serve the best interests of both parties, and render the lot of the trial judge more pleasant.

Reversed and remanded.