[No. 31266. Department Two. July 6, 1950.]

QUINCY VALLEY STATE BANK, *Respondent*, v. H. L. SCHNEIDER, *Appellant*.[1]

*Southard & Palmer,* for appellant.

*Cramer & Phillips,* for respondent.

[1]Reported in 219 P. (2d) 985.

ROBINSON, J.—In order to secure his promissory note, H. L. Schneider, appellant herein, gave a chattel mortgage on his automobile to respondent, Quincy Valley State Bank. Appellant failed to keep up the payments on the note, and the bank proceeded with foreclosure of the mortgage by notice and sale. The proceeds from the sale did not satisfy the note, and the bank brought this action to recover the deficiency. Appellant's answer included an affirmative defense, in which it was alleged that the bank, having elected to foreclose the mortgage by notice and sale, could not thereafter assert a claim against appellant for the deficiency; could not, in the language of appellant, "split its cause of action." The bank moved to strike the affirmative defense and the court granted the motion, whereupon, it appearing that appellant had no further defense, judgment on the pleadings was entered in favor of the bank. Appellant excepted, and the exception was allowed.

█ The issue presented is whether or not foreclosure of a mortgage by notice and sale precludes a subsequent superior court action to recover a deficiency. Whether it should do so in the ordinary case is a matter which we need not decide, however, in view of the terms of the mortgage involved in the case at bar. Although the mortgage itself was not certified as an exhibit on appeal, the trial court found, as a fact, that appellant had agreed therein to pay any deficiency arising out of a sheriff's sale. Having specifically agreed to pay any deficiency, in the event that the proceeds from a sheriff's sale did not satisfy the promissory note, appellant is scarcely in a position to object to an action to recover such a deficiency.

█ Appellant questions the reference made by the court in its findings of fact to the sheriff's return on foreclosure by notice and sale, contending, apparently, that such a return is not evidence of the facts recited therein, and that the acts of the sheriff, "when called in question, must be proved as any other disputed matter of fact is proved" (*Strandberg v. Stringer*, 125 Wash. 358, 216 Pac. 25). But appellant in open court waived respondent's offer of proof, and may not now

question the sufficiency of the sheriff's acts or demand further proof of them.

The judgment of the trial court is entirely correct and is affirmed.

SIMPSON, C. J., MALLERY, HILL, and HAMLEY, JJ., concur.