**KETCHIKAN GENERAL HOSPITAL, Hilbert J. Hendrickson, M.D., and Thomas Conley, M.D., Petitioners,**

**v.**

**Steven DUNNAGAN and Janet Dunnagan, individually and as guardians of the minor child, Megan Dunnagan, Respondents.**

**No. S–2227.**

Supreme Court of Alaska.

July 1, 1988.

Geoffrey G. Currall, Keene & Currall, Ketchikan, for petitioner Ketchikan General Hosp.

Roger Holmes, David Millen, Biss & Holmes, Anchorage, for petitioners Hendrickson and Conley.

L. Ames Luce, Dan A. Hensley, Law Offices of L. Ames Luce, Anchorage, for respondents.

Before RABINOWITZ, BURKE and COMPTON, JJ.

## OPINION

BURKE, Justice.

The question presented by this petition for review is whether the superior court in the location where an action is begun has discretion to relax the venue requirements of Civil Rule 3, when the complaint is filed in the wrong judicial district. We hold that the court has no such discretion and reverse the order retaining venue.

1. The Dunnagans currently reside near Seattle.

I

Respondent Megan Dunnagan was born in Ketchikan General Hospital on December 19, 1984, with the functional loss of both kidneys. Immediately after her birth, she was flown to Seattle to receive medical treatment for her kidney malfunction. Megan's condition requires 24–hour care by her parents, and it forces the family to reside near sophisticated medical facilities.[1] Megan cannot go to Ketchikan because of the lack of appropriate facilities there, and her parents cannot be away from her for any extended period of time.

The Dunnagans sued Ketchikan General Hospital, several doctors, and a nurse-midwife (collectively Ketchikan General), alleging that Megan's injuries resulted from negligent medical care provided by Ketchikan General to Mrs. Dunnagan and Megan at the time of Megan's birth. All of the alleged negligent actions occurred in Ketchikan, in the First Judicial District, where the hospital is located and where all of the individual defendants practice. Alaska R.Civ.P. 3(g); Alaska R.Crim.P. 18, map D. In addition, all of the defendants were served in the First Judicial District.

The Dunnagans filed their complaint in the Third Judicial District, at Anchorage. Ketchikan General moved to dismiss the complaint, or "[a]t the very least" for a change of venue, arguing that proper venue lay in the First Judicial District and that the Dunnagans acted in bad faith by filing their suit in Anchorage. The Dunnagans urged the Anchorage court to retain venue, claiming that Megan's injuries make it physically impossible for them to participate in any proceedings outside Anchorage. The court entered an order retaining venue, concluding that "the interests of justice—particularly the health of the child and the right of the child and parents to attend trial—require that this action remain venued in Anchorage." We granted Ketchikan General's petition for review of this order.

II

Civil Rule 3(c) provides:

If, in a civil action other than one specified in (b) of this rule [concerning real property lawsuits], a defendant can be personally served within a judicial district of the State of Alaska, the action may be commenced either in: (1) the judicial district in which the claim arose; or (2) a judicial district where the defendant may be personally served; or (3) a venue district where the claim arose if the superior court in the district accepts such cases for filing.

Alaska R.Civ.P. 3(c). Here, the claim arose, and all defendants were served, in the First Judicial District. Therefore, the proper venue under Civil Rule 3 is the First Judicial District.

Ketchikan General argues that the superior court in Anchorage had no authority to retain venue; when a complaint is filed in the wrong judicial district, the superior court can dismiss the case or transfer it, but it cannot keep the case. The Dunnagans contend that the court had discretion to relax Civil Rule 3,[2] and that there was no abuse of discretion on the facts of this case.

▮ Whether to relax the venue requirements of Rule 3 is essentially a policy question.[3] We have held that where a complaint is filed in the wrong judicial district, the superior court should ordinarily transfer the case to the proper judicial district. *Ko–Am Enterprises v. Davis*, 657 P.2d 399, 400 (Alaska 1983). However, if the court finds that the plaintiff acted in bad faith, or if the interests of justice so require, it may dismiss the action. *Id.* We believe that the better policy is to limit the superior court's exercise of discretion to these two choices. That is, plaintiffs must follow the standard procedure; they must commence suit in the proper Rule 3 venue, and then, if that forum is inconvenient, move for a change of venue under AS 22.10.040.[4] By adopting this policy, we ensure that the superior court in the proper venue, rather than one in the venue of plaintiff's choosing, makes the initial determination as to which forum is convenient. This rule precludes plaintiffs from selecting a forum they believe is convenient without regard to Civil Rule 3.

In this instance we hold that the superior court abused its discretion [5] when it relaxed the venue provisions of Civil Rule 3. Thus, we REVERSE the order retaining venue, and REMAND to the superior court for entry of an order transferring this case to the First Judicial District.[6]

MATTHEWS, C.J., and MOORE, J., not participating.

2. Civil Rule 94 provides:
   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

3. There is no question that the Anchorage superior court had *jurisdiction.* AS 22.10.020(b) ("[t]he jurisdiction of the superior court extends over the whole of the state").

4. AS 22.10.040 provides:
   The superior court in which the action is pending may change the place of trial in an action from one place to another place in the same judicial district or to a designated place in another judicial district for any of the following reasons:

   . . . .
   (2) when the convenience of witnesses and the ends of justice would be promoted by the change[.]

5. We will reverse an order under Civil Rule 94 only where there has been an abuse of discretion. *Alaska Village, Inc. v. Smalley,* 720 P.2d 945, 951 (Alaska 1986).

6. The record reveals no evidence of bad faith by the Dunnagans. Thus, transfer of the case, and not dismissal, is appropriate. Of course, the Dunnagans may bring a motion in the First Judicial District to transfer venue back to Anchorage under AS 22.10.040, in which case the proper court will then make the appropriate determination.