Wilton TONEY, Appellant,

v.

CITY OF ANCHORAGE POLICE DEPARTMENT and Three John Doe Employees, Appellees.

No. S–7572.

Supreme Court of Alaska.

Dec. 19, 1997.

Arthur S. Robinson, Robinson, Beiswenger & Ehrhardt, Soldotna, for Appellant.

Stephanie Galbraith Moore, Assistant Municipal Attorney, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellees.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH and BRYNER, JJ.

*OPINION*

COMPTON, Justice.

## I. *INTRODUCTION*

Wilton Toney appeals from an order dismissing his complaint for failure to state a claim upon which relief can be granted. This order was based on Toney's failure to file the complaint within the applicable period of limitation. We affirm in part and reverse in part.

## II. *FACTS AND PROCEEDINGS*

On September 14, 1988, Wilton Toney was arrested and charged with drug trafficking. On September 14 and 15 officers of either the Anchorage Police Department (APD), the Alaska State Troopers (AST), or both, executed search warrants and seized certain items of Toney's property. At some later point, this property was turned over to the federal Drug Enforcement Agency (DEA). Toney claims to have been notified of this fact on July 7, 1989. It appears that no forfeiture proceeding was held prior to turning the property over to the DEA.

On June 19, 1995, Toney, acting *pro se,* filed a complaint for conversion of the seized property. Named as defendants were APD, AST, and three John Doe employees of each. AST filed an Alaska Civil Rule 12(b)(6) motion to dismiss for failure to state a claim, based on the expiration of the applicable period of limitation. APD filed a similar motion. The superior court dismissed Toney's complaint for failure to state a claim upon which relief can be granted, based upon a statute of limitation.[1] Toney filed a motion to reconsider this dismissal, which was denied. This appeal followed. A consensual dismissal has since been entered as to AST and its employees. APD and three John Doe employees of APD remain parties to this appeal.

## III. *STANDARD OF REVIEW*

This court reviews *de novo* an order dismissing a complaint for failure to state a claim. *See Kollodge v. State of Alaska,* 757 P.2d 1024 (Alaska 1988). To survive a Rule 12(b)(6) motion

> "it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action." The trial court must *only* consider the material contained in the pleadings.... The court "must presume all factual allegations of the complaint to be true and [make] all reasonable inferences ... in favor of the non-moving party." Motions to dismiss are viewed with disfavor and should rarely be granted.

*Id.* at 1025–26 (alterations in original) (citations omitted).

## IV. *DISCUSSION*

The issue contested by the parties is whether there is a set of facts, provable within the framework of the complaint, under which the complaint was timely filed. To answer this question, we must first determine which statute of limitation applies to Toney's claim against APD and which statute of limitation applies to his claim against the three John Doe officers.

---

1. The court's order does not make clear which statute of limitation it deemed applicable.

### A. Which Statute of Limitation Applies to Toney's Claim against APD?

The parties discuss three possible statutes:

(1) AS 09.10.050(3) sets forth a six-year period of limitation for "taking, detaining, or injuring personal property."

(2) AS 09.10.070(a)(2) sets forth a two-year period of limitation in the following language: "A person may not bring an action . . . (2) upon a statute for a forfeiture or penalty to the state."

(3) AS 09.10.060(b) sets forth a three-year period of limitation in the following language: "A person may not bring an action upon a statute for penalty or forfeiture where the action is given to the party aggrieved or to that party and the state unless the action is brought within three years, except where the statute imposing it prescribes a different limitation."

■ Alaska Statute 09.10.050(3) governs actions for conversion. The six-year statute of limitation found in AS 09.10.050(3) will apply to Toney's claims unless another, more specific statute also applies. APD suggests that one of the forfeiture-related statutes of limitation should apply, reasoning thus: Toney alleges that the state transferred his property to the DEA prior to a required forfeiture proceeding under AS 17.30.116. Therefore Toney's action is one for non-feasance (by the state) "upon a statute for a forfeiture."

■ We disagree. Both AS 09.10.060(b) and AS 09.10.070(a)(2) use the language "an action upon a statute." This language appears to require that the statute at least implicitly, if not explicitly, provide the cause of action. Toney's action is not provided by statute; it is an action for conversion, a creature of common law. If APD had followed the forfeiture procedures contained in AS 17.30.116, then it would have a defense to Toney's conversion claim. But this does not mean that AS 17.30.116 provides the claim itself.

Though APD's arguments do not persuade us, neither are they wholly meritless. Rather, they highlight an ambiguity present in both AS 09.10.060(b) and AS 09.10.070(a)(2). However, to the extent that a statute of limitation is ambiguous, we have held that it will be resolved in favor of permitting an action. *See Safeco Ins. Co. of Am. v. Honeywell,* 639 P.2d 996, 1001 (Alaska 1981) ("Where two constructions as to the limitations period are possible, the courts prefer the one which gives the longer period in which to prosecute the action."). We therefore conclude that AS 09.10.060(b) and AS 09.10.070(a)(2) are inapplicable to Toney's claims. We hold that the six-year period of limitation contained in AS 09.10.050 applies to Toney's claims against APD.

[3] The next question is whether there is a set of facts, provable within the framework of the complaint, under which Toney's action against APD was filed within the applicable six-year period. That the initial seizure was lawful (in execution of a warrant) is consistent with the complaint; that the transfer of the property to the DEA was the tortious act (conversion) is consistent with the complaint; that the transfer took place at some point after June 19, 1989 is consistent with the complaint. On this set of facts, the complaint, filed June 19, 1995, would be within a six-year period of limitation.[2]

### B. Which Statute of Limitation Applies to Toney's Claim against the Three John Doe Officers of APD?

With respect to the three John Doe Officers of APD, a fourth statute of limitation may apply: Former AS 09.10.060(a) was in effect at the time this action began. It set forth a three-year period of limitation for actions against individual peace officers for acts performed in their official capacity.

■ On appeal, Toney argues that whether the officers were acting in their official capacity is a question of fact that we must resolve in his favor. We conclude, how-

---

**2.** For purposes of this appeal, it does not matter whether the statute of limitation began to run when APD transferred the property or when Toney was notified of that transfer. Evidence may show that both of these events occurred after June 19, 1989. We therefore do not consider this issue.

ever, that in his motion to reconsider, Toney conceded that the officers were, in fact, acting in their official capacity. Though the parties present no Alaska cases on this point, a number of other courts have held that when a party concedes a fact before the trial court, the party may not later contest it. *See, e.g., Bush v. Wilson & Co.*, 157 Kan. 82, 138 P.2d 457, 462 (1943); *Brookfield Co. v. Mart*, 139 Or. 495, 10 P.2d 594, 595 (1931); *Quincy Valley State Bank v. Schneider*, 36 Wash.2d 748, 219 P.2d 985, 985–86 (1950). We find this position persuasive. Having conceded before the trial court that the John Doe officers were acting in their official capacity, Toney may not suggest that this is still a triable issue of fact. We hold that the three-year period of limitation in former AS 09.10.060(a) applies to Toney's claims against the John Doe officers. There is no set of facts provable within the framework of Toney's complaint under which that complaint could have been filed within the three-year period.

## V. *CONCLUSION*

We REVERSE the dismissal of Toney's complaint against APD and REMAND for further proceedings consistent with this opinion.

We AFFIRM the dismissal of Toney's complaint against the John Doe officers.

FABE, J., not participating.