*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DAVID F. COULSON, | ) |
| | ) Supreme Court No. S-16167 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-14-10963 CI |
| v. | ) |
| | ) O P I N I O N |
| AARON T. STEINER, | ) |
| | ) No. 7153 – March 3, 2017 |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Catherine M. Easter, Judge.

Appearances: John C. Pharr, Law Offices of John C. Pharr, P.C., Anchorage, for Appellant. Darryl L. Thompson, Law Office of Darryl L. Thompson, P.C., Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

BOLGER, Justice.

## I. INTRODUCTION

Aaron Steiner began a romantic relationship with Juanita Omadlao in May 2013, while Omadlao was still married to David Coulson. Coulson learned about the affair and filed for divorce. After the divorce proceedings ended, Coulson sued Steiner, claiming alienation of affections, fraud and civil conspiracy, and intentional and negligent infliction of emotional distress. Specifically, Coulson alleged that Steiner

caused Coulson's divorce and that Steiner then conspired with Omadlao during the divorce proceedings to extract child support and spousal support from Coulson.

The superior court granted Steiner summary judgment on all three of Coulson's claims. The court concluded that Alaska does not recognize a tort for alienation of affections and that Coulson's remaining claims were derivative of Coulson's alienation of affections claim and likewise barred by Alaska law.

We agree that Steiner was entitled to summary judgment on the alienation of affections claim based on our prior case law. But we also conclude that Steiner was not entitled to summary judgment on Coulson's other claims because those claims were based, at least in part, on Steiner's conduct during the divorce proceedings, not on his role in causing Coulson's divorce.

## II.    FACTS AND PROCEEDINGS

### A.    Coulson's Divorce

Coulson and Omadlao married in 2009. In May 2013 Omadlao began a romantic relationship with Steiner, and in September 2013 Coulson filed for divorce. Omadlao, who was pregnant at the time, sought interim spousal support from Coulson. In her filings she represented that Coulson was the father, that she could not work due to medical conditions associated with her pregnancy, and that she would be homeless without spousal support.

Omadlao gave birth in February 2014. Shortly thereafter the superior court partially granted Omadlao's support motion, awarding her $1,000 per month in interim spousal support, requiring Coulson to pay Omadlao's pregnancy-related medical expenses, and instructing Coulson to "investigate" purchasing medical insurance for Omadlao and the child.

In March Steiner and Omadlao received the results of a paternity test indicating that Steiner was the father of Omadlao's child. At an April hearing Coulson's

attorney requested a paternity test order, and the judge acknowledged that there was a "serious question about the paternity of the child," but Omadlao did not mention Steiner's test results. Coulson took a paternity test later that month and discovered that he was not the father of Omadlao's child.

Further proceedings between Coulson and Omadlao resulted in a modification of the interim spousal support order and eventually a settlement agreement and decree of divorce. Steiner and Omadlao married in November.

### B. Proceedings In This Case

Coulson filed suit against Steiner for damages resulting from Steiner's role in the divorce and divorce proceedings. Coulson alleged that Steiner assisted Omadlao in portraying herself as having limited funds and being on the verge of homelessness when in fact she was comfortably living in Steiner's home. He also alleged that Steiner and Omadlao conspired to conceal the fact that Steiner was the child's father in order to extract child support, medical expenses, and interim spousal support from Coulson.

Based on these facts, Coulson alleged that (1) Steiner committed the tort of alienation of affections by destroying the spousal love between Coulson and Omadlao; (2) Steiner committed fraud and civil conspiracy by "knowingly accept[ing] the benefits of [Omadlao's] fraudulent behavior" and by conspiring with Omadlao to defraud Coulson; and (3) Steiner committed intentional and negligent infliction of emotional distress by having an affair with Omadlao and then conspiring with her to extract child and spousal support from Coulson.

Steiner filed an answer denying these allegations. Steiner then moved for summary judgment, arguing that alienation of affections is not a cause of action in Alaska and that the other two claims were mere reframings of Coulson's alienation of affections claim.

Coulson responded by moving for a continuance under Alaska Civil Rule 56(f) to conduct additional discovery before responding to Steiner's motion. Coulson also moved to compel Steiner to produce his mandatory initial disclosures under Alaska Civil Rule 26.[1] Steiner opposed these motions and moved for a protective order to stay discovery until his summary judgment motion was resolved.

The superior court denied Coulson's motions and instructed Coulson to respond to Steiner's motion for summary judgment within 15 days. After receiving Coulson's response, the superior court granted Steiner's motion for summary judgment. The superior court rejected Coulson's claim for alienation of affections because Alaska does not permit tort claims relating to economic loss caused by divorce and rejected Coulson's other two claims because it reasoned that Coulson could not "avoid Alaska's bar of tort claims relating to economic losses caused by divorce through artful pleading."

Coulson appeals the superior court's discovery orders and its grant of Steiner's motion for summary judgment.

## III. STANDARD OF REVIEW

"We review a grant of summary judgment de novo, 'affirming if the record presents no genuine issue of material fact and if the movant is entitled to judgment as a matter of law.' "[2]

## IV. DISCUSSION

Coulson argues that the superior court erred in granting summary judgment for Steiner. For the reasons we explain below, Steiner was entitled to summary judgment

---

[1]    Alaska Civil Rule 26(a)(1) requires each party to make certain initial disclosures without awaiting a discovery request.

[2]    *Kelly v. Municipality of Anchorage*, 270 P.3d 801, 803 (Alaska 2012) (quoting *Beegan v. State, Dep't of Transp. & Pub. Facilities*, 195 P.3d 134, 138 (Alaska 2008)).

on Coulson's claim for alienation of affections, but Steiner was not entitled to summary judgment on Coulson's other claims.

A. **Steiner Was Entitled To Summary Judgment On Coulson's Alienation Of Affections Claim**.

The superior court granted summary judgment in favor of Steiner on Coulson's claim for alienation of affections, finding that such claims are barred in Alaska on "public policy grounds." We agree with the superior court.

The tort of alienation of affections provides a cause of action for a spouse against a third party who interferes in the marital relationship with the intent to alienate one spouse from the other.[3] The tort "originated with the common-law belief that wives were the chattel of their husbands" and was widely adopted by states in the nineteenth century.[4]

But changes in society's conception of marriage, combined with attempts to limit damages and protect privacy, have led to the gradual abolition of this cause of action, and only a handful of states still recognize it today.[5] Neither the Alaska legislature nor this court has explicitly abolished alienation of affections as a cause of action in Alaska, but two of our prior holdings came very close. Today we take the final step and hold that alienation of affections is not a valid cause of action in Alaska.

In *Chizmar v. Mackie*, a woman sued her doctor for, among other things, economic loss and emotional distress resulting from her divorce after the doctor falsely

---

[3]    54 AM. JUR. 3D *Proof of Facts* § 135 (1999).

[4]    *Id.*

[5]    *Id.*

informed her husband that she had AIDS.[6] We affirmed the superior court's directed verdict in favor of the doctor, holding that "economic losses suffered as a result of a divorce are not recoverable."[7] In reaching that holding we noted issues with establishing both foreseeability and causation, as well as public policy concerns:

> Divorce is never the direct result of actions by a third-party tortfeasor. It is the character of the spouses, and the character of the marriage itself, which determines whether a divorce will occur. . . . To hold a third party responsible for economic losses resulting from a divorce in such a case would extend potential liability too far.[8]

We reaffirmed the holding of *Chizmar* several years later in *Clemensen v. Providence Alaska Medical Center*.[9] In that case a husband claimed that hospital staff assured him that they could hold his wife for a mental evaluation for 72 hours and would not release her to anyone but him.[10] But the day after her admission, the wife left the hospital with her adult daughter and filed for divorce a few months later.[11] The husband then sued the hospital, seeking compensation for the economic loss and emotional distress caused by the hospital releasing his wife to her daughter rather than him.[12] The husband attempted to distinguish *Chizmar* on several grounds, but we rejected those distinctions and reaffirmed "our holding [in *Chizmar*] that economic losses resulting

---

[6] 896 P.2d 196, 199-200 (Alaska 1995).

[7] *Id.* at 212.

[8] *Id.* at 211.

[9] 203 P.3d 1148 (Alaska 2009).

[10] *Id.* at 1149.

[11] *Id.* at 1150.

[12] *Id.*

from divorce are not recoverable as a matter of law."[13] We also concluded, under the same rationale, that "damages caused by the filing of a divorce action . . . are not recoverable."[14]

Coulson's claim for alienation of affections seeks damages for economic losses resulting from divorce. We reaffirm both *Chizmar* and *Clemensen* today, and we specifically hold that the tort of alienation of affections is not recognized under Alaska law. Steiner was therefore entitled to summary judgment on that claim.

**B.      Steiner Was Not Entitled To Summary Judgment On Coulson's Other Claims**.

The superior court granted Steiner summary judgment on Coulson's claims for fraud and civil conspiracy and for intentional and negligent infliction of emotional distress, concluding that Coulson could not "avoid Alaska's bar of tort claims relating to economic losses caused by divorce through artful pleading." Coulson appeals, arguing that his other two claims have factual bases independent from those of his alienation of affections claim. We agree with Coulson.

Coulson's claims for fraud and civil conspiracy and for intentional and negligent infliction of emotional distress are based, at least in part, on Steiner's alleged role in misrepresenting the paternity of Omadlao's child and the nature of her finances and living conditions. These claims are therefore not for economic loss resulting from divorce[15] or for "damages caused *by the filing* of a divorce action";[16] rather, these claims

---

[13]      *Id.* at 1152.

[14]      *Id.* at 1153.

[15]      *See Chizmar v. Mackie*, 896 P.2d 196, 211-12 (Alaska 1995).

[16]      *Clemensen*, 203 P.3d at 1153 (emphasis added).

are for damages caused by fraudulent misrepresentations made during the divorce proceedings.

Thus, to the extent Coulson's remaining claims allege harm arising out of Steiner's role in causing the divorce, they are barred by our refusal to recognize claims for economic losses resulting from divorce.[17] But, to the extent these claims allege harm instead arising out of Steiner's conduct during the divorce proceeding, they are not so barred. Steiner was therefore not entitled to summary judgment on these claims.[18]

---

[17] Because the facts of this case do not require it, we express no opinion on whether Alaska recognizes a tort for intentional or negligent infliction of emotional distress brought under the theory that the defendant had an affair with the plaintiff's spouse and that the affair caused the plaintiff emotional harm unrelated to any breakdown of the marriage. *See, e.g.*, *Koestler v. Pollard*, 471 N.W.2d 7, 13, 16 (Wis. 1991) (Abrahamson, J., dissenting) (arguing that "the legislature did not intend to abolish a claim for the separate tort of intentional infliction of emotional distress when it abolished [the tort of alienation of affections]" because the two torts "[do] not implicate the same public policies"; the former "seeks compensation for injury to [the plaintiff]" whereas the latter "seeks compensation for disruption of the marital relationship").

[18] Steiner has asked us to affirm the superior court's grant of summary judgment on Coulson's fraud and civil conspiracy claims on the alternative ground that the litigation privilege protects Omadlao from suit for fraud based on her statements made during litigation, and that this privilege also extends to protect Steiner from suit based on those same statements. *See, e.g.*, *Gilbert v. Sperbeck*, 126 P.3d 1057, 1059-60 (Alaska 2005); *Lawson v. Helmer*, 77 P.3d 724, 726-28 (Alaska 2003). But we will "affirm on independent grounds not relied on by the superior court only when those grounds are established by the record as a matter of law." *Seybert v. Alsworth*, 367 P.3d 32, 38 (Alaska 2016). That is not the case here. We note in particular that the litigation privilege is an affirmative defense and that Steiner did not raise it below. *Cf. Nizinski v. Currington*, 517 P.2d 754, 755 n.6 (Alaska 1974). If Steiner raises the privilege on remand, Coulson may be able to amend his complaint to include factual assertions or legal arguments that defeat Steiner's claimed defense or, at the very least, raise a disputed issue of material fact. *See* Alaska R. Civ. P. 15(a). We decline to hold as a matter of law that Coulson would be unable to do so.

**C.     We Do Not Reach Coulson's Remaining Arguments**.

Coulson also argues that the superior court abused its discretion when it denied his motions to continue discovery.  But as we have just explained, summary judgment was wrongly granted on two of Coulson's claims.  He is therefore entitled to pursue discovery of those claims on remand, notwithstanding the superior court's orders. Coulson's other claim — for alienation of affections — is barred as a matter of law and thus allowing discovery on that claim would serve no purpose.  Because resolving Coulson's appeal of the superior court's discovery rulings would not affect how this case is litigated on remand, we decline to reach those issues here.

We recognize, however, the importance of affording a litigant time to conduct the discovery necessary to oppose a summary judgment motion, which "may require that parties spend considerable time and effort discovering and developing facts necessary for a full presentation."[19]  While we do not decide whether Coulson's motions to continue discovery were wrongly denied in this case, we reiterate that such motions "should be granted freely [as] a safeguard against premature grants of summary judgment."[20]

## V.     CONCLUSION

We AFFIRM the superior court's grant of summary judgment on Coulson's alienation of affections claim, but we REVERSE the superior court's grant of summary judgment on Coulson's claims for fraud and civil conspiracy and intentional and negligent infliction of emotional distress.  We REMAND for proceedings consistent with this opinion.

---

[19]     *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 758 (Alaska 2008).

[20]     *Hymes v. Deramus*, 119 P.3d 963, 965 (Alaska 2005) (quoting *Ball v. Birch, Horton, Bittner & Cherot*, 58 P.3d 481, 489 (Alaska 2002)).