NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| GREGORY R. GIOCONDO, for himself and as the parent of his minor child, | ) ) ) | Supreme Court No. S-16269 |
| | ) | Superior Court No. 4FA-15-02299 CI |
| Appellant, | ) ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | AND JUDGMENT* |
| | ) | |
| FAIRBANKS DAILY NEWS-MINER and MARTI BUSCAGLIA, | ) ) | No. 1642 – July 19, 2017 |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Paul E. Olson, Judge, and Fourth Judicial District, Fairbanks, Douglas Blankenship, Judge.

Appearances: Gregory R. Giocondo, pro se, Wilson, New York, Appellant. John J. Burns and Christopher J. Bodle, Burns & Associates PC, Fairbanks, for Appellees Fairbanks Daily News-Miner and Marti Buscaglia.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.    INTRODUCTION

Gregory Giocondo sued the Fairbanks Daily News-Miner and three other defendants — in Anchorage — for defamation. The Anchorage superior court

---

\*    Entered under Alaska Appellate Rule 214.

transferred venue to Fairbanks, and the Fairbanks superior court ultimately dismissed Giocondo's complaint as untimely. We agree that initial venue belonged in Fairbanks, and we also agree that Giocondo's complaint was untimely. We therefore affirm the transfer and dismissal of Giocondo's complaint.

## II.    FACTS

On July 21, 2010, the Fairbanks Daily News-Miner reported in an online article that Gregory Giocondo "has been accused of lying about being a plumber to get into a woman's home and then exposing himself" to the woman once he was inside. More than four years later, on February 9, 2015, Giocondo filed suit against the News-Miner and three other defendants for defamation.[1] Giocondo does not deny that in July 2010 he entered a woman's home and exposed himself to her. Rather, he takes issue with the "false impression" the article created that he "was impersonating a plumber." Giocondo claims this impression was false because although he was not the woman's plumber, he was, in fact, a licensed plumber at the time of the incident. Giocondo now seeks a published retraction and apology, $2.2 million in damages for his lost earning potential, and an additional $500,000 in damages for the emotional harm the article caused his minor daughter (presumably by its insinuation that her father was not a licensed plumber).

Giocondo filed his complaint in Anchorage superior court, but that court transferred the case to Fairbanks because it concluded that Fairbanks was the appropriate initial venue under Alaska Civil Rule 3(c). The Fairbanks superior court then dismissed

---

[1]    Specifically, Giocondo named Marti Buscaglia (publisher of the News-Miner), Chris Freiberg (a reporter), and the "Juneau Daily News" (which Giocondo asserted was "a division of Juneau Empire").

Giocondo's complaint as untimely.[2] Giocondo now appeals, arguing that the transfer of venue to Fairbanks was improper and that his complaint was timely under the doctrine of equitable tolling.

## III. DISCUSSION

### A. Venue Was Properly Transferred.

Initial venue is controlled by Alaska Civil Rule 3(c), which provides in relevant part that "[i]f . . . a defendant can be personally served within a judicial district of the State of Alaska, the action may be commenced either in: (1) the judicial district in which the claim arose; or (2) a judicial district where the defendant may be personally served." As we have explained, "plaintiffs must follow the standard procedure; they must commence suit in the proper Rule 3 venue, and then, if that forum is inconvenient, move for a change of venue under AS 22.10.040."[3] "[W]here a complaint is filed in the wrong judicial district, the superior court should ordinarily transfer the case to the proper judicial district."[4]

The News-Miner suggests that the standard of review for change of venue is abuse of discretion. It is true that we have stated that "[w]e review the granting of a motion to change venue for abuse of discretion."[5] But that statement refers to transfers from an appropriate initial Rule 3(c) venue to some other appropriate location under

---

[2] This dismissal only operated against the News-Miner and Buscaglia. The complaint against the other two defendants was dismissed at a later date because Giocondo never properly served those parties.

[3] *Ketchikan Gen. Hosp. v. Dunnagan*, 757 P.2d 57, 59 (Alaska 1988).

[4] *Id.* Alternatively, "if the court finds that the plaintiff acted in bad faith, or if the interests of justice so require, it may dismiss the action." *Id.*

[5] *Vanvelzor v. Vanvelzor*, 219 P.3d 184, 187 (Alaska 2009).

AS 22.10.040.[6] Here the question is whether Anchorage was an appropriate initial venue under Rule 3(c). Once the relevant facts are established, Rule 3(c) prescribes a specific result free from judicial discretion. Whether initial venue in a particular location is appropriate under Rule 3(c) is therefore a legal question that we review de novo.[7]

When the superior court transferred venue to Fairbanks, Giocondo had only properly served two defendants: the News-Miner and its publisher Marti Buscaglia. Both defendants were served in Fairbanks, and Giocondo's complaint asserted that all relevant events took place in Fairbanks. Given these circumstances, we agree that Anchorage was not a proper initial venue under Rule 3(c), and we conclude that transfer of venue to Fairbanks was therefore appropriate.

B.     **Giocondo's Complaint Was Properly Dismissed As Untimely**.

Giocondo appeals the superior court's dismissal of his complaint as untimely under Alaska's two-year statute of limitations for tort suits.[8] "The failure to file

---

    [6]     *See, e.g.*, *Sever v. Alaska Pulp Corp.*, 931 P.2d 354, 360 & n.7 (Alaska 1996); *Oxereok v. State*, 611 P.2d 913, 919 (Alaska 1980).

    [7]     *See Wolff v. Cunningham*, 187 P.3d 479, 482 (Alaska 2008) ("The superior court's interpretation of the civil rules presents a question of law that we review de novo.").

    [8]     AS 09.10.070(a). The superior court assumed for the sake of the motion to dismiss that the relevant date on which the statute of limitations began to run was December 26, 2012, because Giocondo asserted that the News-Miner had updated and republished the July 2010 article on that date. That nuance generally does not affect our decision because Giocondo's complaint was still filed more than two years after December 26, 2012. At one point in his brief Giocondo does argue that he filed his complaint within the two-year statute of limitations period beginning on December 26, 2012 because he had filed an earlier complaint that he was forced to dismiss after the superior court rejected his request for a fee waiver. Giocondo, however, did not make that argument in superior court and it is therefore waived. *See Price v. Eastham*, 128
(continued...)

a complaint within the statute of limitations is grounds for a[n Alaska] Civil Rule 12(b)(6) motion to dismiss" for failure to state a claim upon which relief can be granted.[9] "A complaint is subject to dismissal under Civil Rule 12(b)(6) 'when its allegations indicate the existence of an affirmative defense, but the defense must clearly appear on the face of the pleading.' "[10] We review a superior court's dismissal of a complaint for failure to state a claim de novo.[11]

Even though Giocondo's complaint was filed more than four years after the News-Miner published the original article, Giocondo argues that his claim was timely under the doctrine of equitable tolling. Equitable tolling is a doctrine "which allows a plaintiff to initiate an action beyond the statute of limitations deadline . . . if the claimant was prevented in some extraordinary way from exercising his or her rights."[12] Giocondo asserts three separate grounds entitling him to equitable tolling: (1) he was pursuing an alternative legal claim; (2) extraordinary circumstances prevented him from filing his complaint; and (3) he did not discover his injury until he was released from prison. His arguments are without merit.

---

**8**(...continued)
P.3d 725, 731-32 (Alaska 2006) (noting that we will typically not consider an argument on appeal if that argument was not raised below).

**9**    *Hutton v. Realty Execs., Inc.*, 14 P.3d 977, 979 (Alaska 2000).

**10**    *Martin v. Mears*, 602 P.2d 421, 428 (Alaska 1979) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 605-06 (1969 & Supp. 1979)).

**11**    *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012) (citing *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 253 (Alaska 2000)).

**12**    51 AM. JUR. 2D *Limitation of Actions* § 153 (2017).

First, we have held that a statute may be equitably tolled while a plaintiff pursues an alternative remedy if "(1) pursuit of the initial remedy gives defendant notice of plaintiff's claim, (2) defendant's ability to gather evidence is not prejudiced by the delay, and (3) plaintiff acted reasonably and in good faith."[13] Giocondo cites this doctrine, but he does not allege that he actually pursued an alternative remedy. His argument on this point is therefore unpersuasive.

Second, many jurisdictions recognize equitable tolling "where extraordinary circumstances outside the plaintiff's control make it impossible for the plaintiff to timely assert his or her claim," but Alaska has "neither accepted nor rejected this theory of tolling."[14] Here Giocondo claims that he was incarcerated in New York from October 2010 to November 2014, and that he therefore "did not have ample opportunity and time to file [his] complaint for relief during the [statutory] period." A litigant, however, is not entitled to equitable tolling simply because he did not have "ample opportunity and time" to file a complaint. Rather, he must show that extraordinary circumstances made it *impossible* for him to sue within the statutory period.[15] Thus, even if we were to recognize equitable tolling for extraordinary circumstances, Giocondo's circumstances would not qualify.

---

[13] *Fred Meyer of Alaska, Inc. v. Bailey*, 100 P.3d 881, 886 (Alaska 2004) (quoting *Dayhoff v. Temsco Helicopters, Inc.*, 772 P.2d 1085, 1087 (Alaska 1989)).

[14] *Kaiser v. Umialik Ins.*, 108 P.3d 876, 882 (Alaska 2005) (quoting *Abbott v. State*, 979 P.2d 994, 998 (Alaska 1999)).

[15] *See id.* In his brief Giocondo argues for the first time that it was "impossible for him to assert his claim while incarcerated in NY State." An argument raised for the first time on appeal is waived. *Price v. Eastham*, 128 P.3d 725, 731-32 (Alaska 2006).

Finally, Giocondo invokes a federal rule providing for tolling "where the plaintiff, by exercising reasonable diligence, could not have discovered essential information bearing on his or her claim."[16] As we have previously noted, "Alaska recognizes this principle in its discovery rule."[17] The discovery rule, however, is not a tolling doctrine, but rather a means for specifying when a claim "accrues," i.e., when the statute of limitations starts running.[18] Giocondo admitted in superior court that the statute of limitations started running in July 2010 "upon [his] reasonable discovery of the publication," and he argued that his claim was timely only because the statutory period was equitably tolled while he was incarcerated. Because Giocondo previously admitted that his claim accrued in July 2010, he cannot maintain on appeal that it accrued on some later date under the discovery rule.

Giocondo has failed to provide any plausible explanation for why equitable tolling applies to his complaint. A complaint is subject to dismissal for failure to state a claim "when its allegations indicate the existence of an affirmative defense," and when that defense "clearly appear[s] on the face of the pleading."[19] Here Giocondo's pleading clearly shows that he filed his claim outside of the two-year statutory period, and he failed to allege any facts that might justify equitable tolling. We therefore affirm the superior court's dismissal of Giocondo's complaint.

---

[16] *Abbott*, 979 P.2d at 996-99 (applying federal equitable tolling doctrine to a plaintiff's maritime claims).

[17] *Kaiser*, 108 P.3d at 882.

[18] *Cameron v. State*, 822 P.2d 1362, 1365 (Alaska 1991).

[19] *Martin v. Mears*, 602 P.2d 421, 428 (Alaska 1979) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 605-06 (1969 & Supp. 1979)).

Giocondo makes one more argument in his brief: that the superior court erred in dismissing his complaint before allowing discovery. The requested discovery, however, was not related to the legal question raised by the statute of limitations defense, and a plaintiff is generally not entitled to discovery if the superior court properly grants a Rule 12(b)(6) motion to dismiss.[20] Because we uphold the superior court's dismissal under Rule 12(b)(6), and because the requested discovery was not related to the statute of limitations defense, we also reject Giocondo's argument that he was entitled to any discovery.

## IV. CONCLUSION

The decision of the superior court is AFFIRMED.

---

[20] *See* Alaska R. Civ. P. 26(b)(2)(A)(iii) (providing that the court may limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit"); *Coulson v. Steiner*, 390 P.3d 1139, 1144 (Alaska 2017) (observing that "allowing discovery . . . would serve no purpose" when a claim "is barred as a matter of law").