Vernon SOLOMON, Appellant,

v.

**INTERIOR REGIONAL HOUSING AUTHORITY, Appellee.**

No. S–11665.

Supreme Court of Alaska.

July 21, 2006.

Michael J. Walleri, Law Offices of Michael J. Walleri, Fairbanks, for Appellant.

Daniel E. Winfree, Winfree Law Office, Fairbanks, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, FABE, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. INTRODUCTION

Vernon Solomon filed suit in federal court against the Interior Regional Housing Authority (IRHA), alleging violations of a federal Indian employment preference and of Alaska worker's compensation law. The federal court found that the statute created no private cause of action, dismissing Solomon's federal claims with prejudice and dismissing his state law claims without prejudice. Solomon appealed the federal claim to the Ninth Circuit, which affirmed. Four months after the Ninth Circuit denied his motion for reconsideration, Solomon filed his Alaska law claim in state court. The superior court found Solomon's claim to be time-barred and granted IRHA's motion for summary judgment. Solomon appeals.

This case presents us with the question whether equity will toll the statute of limitations on a litigant's state law claims while the litigant pursues a related federal claim in federal court. Because we conclude that the

statute of limitations is equitably tolled in this case, we reverse the judgment of the superior court.

## II. FACTS AND PROCEEDINGS

### A. Facts

Solomon, an Athabascan Alaska Native, was employed by IRHA as a maintenance foreman prior to and during 1990. In that year, he was injured in an on-the-job automobile accident, filed a worker's compensation claim, and received benefits. Solomon did not return to work. In October 1996 Solomon applied for an advertised Maintenance Counselor position with IRHA in Fort Yukon but was not hired. Marvin Carroll, also an Alaska Native, was hired instead. In October 1998 Solomon applied for an advertised Tribal Housing Officer position but was not hired. Tom Chapin, a non-Native, was hired instead.

In August 1999 Ted Charles, formerly IRHA Director of Tribal Planning and Development, circulated a letter regarding IRHA hiring practices.[1] Solomon, alerted by this letter to potential discrimination-in-hiring claims against IRHA, retained counsel, who sent a notice-of-claim letter to IRHA on September 9, 1999. No satisfaction followed. On January 13, 2000 Solomon filed an action against IRHA in the United States District Court for the District of Alaska. The complaint alleged (1) violation of the Indian employment preference in the Indian Self–Determination and Employment Act (ISDA);[2] and (2) retaliation against a worker's compensation claimant in violation of AS 23.30.247.

On June 19, 2001 the federal district court held that no private right of action existed under ISDA. The court granted summary judgment to IRHA, dismissed Solomon's federal claim with prejudice, and dismissed Solomon's state law claims without prejudice. Solomon appealed the district court's order to the United States Court of Appeals for the Ninth Circuit on July 23, 2001. The Ninth Circuit panel affirmed the district court on December 20, 2002.[3] Solomon moved for reconsideration; the Ninth Circuit denied the motion on April 21, 2003.

### B. Proceedings

Solomon filed his state law claims in the superior court on June 23, 2003. After ordering supplemental briefing regarding automatic reinstatement of supplemental claims upon remand, the superior court granted IRHA's motion for summary judgment. Final judgment, including a judgment of $9,663.75 in attorney's fees, was ordered in favor of IRHA on August 19, 2004. Solomon appeals.

## III. STANDARD OF REVIEW

We use our independent judgment in reviewing the application of a statute of limitations, which is a matter of law.[4] Alaska "look[s] upon the defense of statute of limitations with disfavor and will strain neither the law nor the facts in its aid."[5] Although the date on which a statute of limitations begins to run is normally a question of fact, where, as here, there is no dispute over the relevant facts, the date becomes a question of law to which we will apply our independent judgment.[6] As this matter is before us on summary judgment, we will draw all reasonable

---

1. Charles was involved in a separate dispute with IRHA, the subject of *Charles v. Interior Regional Housing Authority*, 55 P.3d 57 (Alaska 2002). Charles stated that he determined Solomon to be the most qualified applicant for the position but that his supervisor "told me that I should not hire Mr. Solomon because he had filed a workman's compensation claim against IRHA in the past."

2. 25 U.S.C. § 450e(b) (2000).

3. *Solomon v. Interior Reg'l Hous. Auth.*, 313 F.3d 1194 (9th Cir.2002).

4. *Alderman v. Iditarod Props., Inc.*, 104 P.3d 136, 140 (Alaska 2004).

5. *Fred Meyer of Alaska, Inc., v. Adams*, 963 P.2d 1025, 1027 n. 6 (Alaska 1998) (citing *Tipton v. ARCO Alaska, Inc.*, 922 P.2d 910, 912–13 (Alaska 1996), and *Lee Houston & Assocs., Ltd. v. Racine*, 806 P.2d 848, 854–55 (Alaska 1991)).

6. *See John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1031 (Alaska 2002).

inferences in favor of the non-prevailing party, Solomon.[7]

## IV. DISCUSSION

### A. Solomon's Claim Accrued on September 9, 1999, and the Statute of Limitations Would Normally Have Run on September 9, 2001.

The parties agree that September 9, 1999—the date of Solomon's notice-of-claim letter to IRHA—is the date of accrual of Solomon's state law claims.[8] They likewise agree that these claims were subject to a two-year statute of limitations under AS 09.10.070(a), which provides a two-year limitation period for claims based on statute. Consequently, the parties agree that the statute of limitations on Solomon's state law claims would have run on September 9, 2001, absent statutory or equitable tolling. We accept this date as the starting point of our analysis.

### B. Solomon's Claims Are Eligible for Equitable Tolling.

Solomon argues that this court should equitably toll the statute of limitations to allow his claims to proceed. He maintains that his active pursuit of the claims in federal court represented diligent prosecution of those claims. IRHA argues that Solomon "chose a specific litigation and appellate strategy that did not work, and . . . now wants this court to rescue him from his statute of limitations predicament through . . . misapplication of an equitable remedy." In our view, Solomon's actions are redolent of diligent and good-faith pursuit of his claims rather than "strategy."

Alaska adopted the doctrine of equitable tolling in *Gudenau & Co. v. Sweeney Insurance, Inc.*[9] "The need for equitable tolling arises," we stated, "when a plaintiff has multiple legal remedies available to him. Courts will not force a plaintiff to simultaneously pursue two separate and duplicative remedies." [10] We adopted a three-part test for equitable tolling: (1) the alternative remedy must give notice to the defendant; (2) there must not be prejudice to the defendant; and (3) the plaintiff must have acted reasonably and in good faith.[11] In *Gudenau,* we declined to invoke equitable tolling where the plaintiff made only private complaints insufficient to give the defendant notice of existence of a legal claim against him. We stated that "the statute of limitations is tolled only for those who initially pursue their rights in a judicial or quasi-judicial governmental forum." [12] We have subsequently characterized the equitable tolling rule as "look[ing] only to the claimant's circumstances—whether he has pursued an alternative remedy that proved unavailing." [13]

In *Dayhoff v. Temsco Helicopters, Inc.,* we invoked equitable tolling because the plaintiff had pursued her wage-and-hour claim with a state agency before seeking the assistance of the state court.[14] In *Fred Meyer of Alaska, Inc. v. Bailey,* we invoked equitable tolling when the plaintiff pursued an individual action for the same unpaid wages he had sought initially in a class action.[15]

Solomon's initial action was an alternative remedy to pursuit of the claims in state court. There is no dispute here that the federal courts constitute a "judicial . . . governmental forum," [16] or that Solomon initially filed his state law claims in the federal

---

7. *See Moore v. Allstate Ins. Co.,* 995 P.2d 231, 233 (Alaska 2000).

8. This date, or one near it, would likely be the date of accrual under the discovery rule, under which the statute of limitations is tolled "where the plaintiff, by exercising reasonable diligence, could not have discovered essential information bearing on his or her claim." *Kaiser v. Umialik Ins.,* 108 P.3d 876, 882 (Alaska 2005) (quoting *Abbott v. State,* 979 P.2d 994, 998 (Alaska 1999) (applying federal law)).

9. 736 P.2d 763 (Alaska 1987).

10. *Id.* at 768.

11. *Id.*

12. *Id.*

13. *Kaiser,* 108 P.3d at 880.

14. 772 P.2d 1085, 1087–88 (Alaska 1989).

15. 100 P.3d 881 (Alaska 2004).

16. *Gudenau,* 736 P.2d at 768.

courts. IRHA argues, however, that Solomon failed to appeal the dismissal of his state law claims to the Ninth Circuit and thus gave up his pursuit of alternative remedy at that point. We disagree. Even though Solomon did not explicitly appeal the dismissal without prejudice, a prayer for reinstatement of the state law claims was implied in Solomon's appeal to the Ninth Circuit, much as reversal of the judgment of attorney's fees is implied in the present appeal.[17] We read IRHA's argument as suggesting, in effect, that this case turns on mere inclusion of a boilerplate sentence in Solomon's appeal. As the superior court noted, Solomon "could have written one more sentence in [his] brief and it would have been there." To bar Solomon's claims for something so ministerial, we believe, would be an unnecessary exaltation of form over substance. Whether Solomon's state claims were carried up to the Ninth Circuit or not, his appeal to the Ninth Circuit is an alternative remedy under our equitable tolling doctrine.

*Gudenau's* three additional requirements for equitable tolling are met. First, IRHA had adequate notice of the claim against it. Where a claim with essentially the same facts is being litigated—even on a threshold basis—in the federal courts between the same parties, the defendant cannot claim not to be on notice. Even while the case was being litigated before the federal courts, IRHA knew of the distinct possibility that the state claims would be reinstated at the district court level upon a Ninth Circuit reversal. As such, it was on notice to be prepared to litigate them.

Second, IRHA does not have a colorable claim of prejudice. It appears instead that IRHA fully investigated the matter, at least in regard to the position for which Solomon applied in 1998. It told Solomon's counsel that "Mr. Solomon was not selected for the position of Tribal Housing Counselor based on an evaluation of his qualifications and experience. The fact that Mr. Solomon had filed a workers' compensation claim was not the reason that he was not hired." At oral argument, counsel for IRHA indicated that he had no information indicating prejudice to IRHA.

Third, the record indicates that Solomon acted reasonably and in good faith. IRHA's allegations of bad faith allege only that Solomon failed to file his complaint within the applicable statute of limitations. As Solomon's counsel noted at oral argument, Solomon has been actively litigating his claims except for periods totaling six months in the six years since his claims accrued. Solomon's federal case was one of first impression; thus, even though he had no federal cause of action, his lawsuit was far from frivolous. In *Fred Meyer* we held that filing the complaint within the statutory period was evidence of good faith; the same is true here.[18]

IRHA argues that, even if equitable tolling is to be applied, Solomon should be granted only the remainder of his two-year statute of limitations rather than an additional two years as the plaintiff received in *Dayhoff* and *Fred Meyer.*[19] This remainder, IRHA argues, would be twenty months from the date of the federal district court's dismissal without prejudice of Solomon's state law claims, since Solomon filed his original action four months after the cause of action accrued. Twenty months from June 22, 2001, is February 22, 2003, four months before Solomon filed his action in the superior court. Solomon argues that he should be granted a full two years from the Ninth Circuit's denial of his motion for reconsideration on April 21, 2003.

Although we have uniformly applied a new full statutory period in equitable tolling cases, IRHA argues that the cases in which we did that may be distinguished from the

17. Solomon argues that his state law claims would have *automatically* been reinstated at the district court level upon a Ninth Circuit victory; IRHA argues that it is "a discretionary call." We do not decide the issue. It is sufficient that such relief was available. Moreover, the federal supplemental jurisdiction statute requires that the federal district court articulate "compelling" rea-

sons for declining supplemental jurisdiction absent conditions that would not be present here. *See* 28 U.S.C. § 1367(c)(4) (2000).

18. *Fred Meyer,* 100 P.3d at 887.

19. *Id.; Dayhoff,* 772 P.2d at 1088 n. 6.

present case. We need not decide in this case whether a plaintiff will always have the full statutory limitations period in which to file once the circumstances that justify equitable tolling abate, because here we agree with Solomon that the earliest equitable tolling should cease is the date of the Ninth Circuit's denial of his motion for reconsideration. Four months passed between the accrual of Solomon's claim on September 9, 1999 and the filing of the federal complaint on January 13, 2000. At the time tolling ceased, on April 21, 2003, twenty months remained on the statute of limitations even under IRHA's restrictive reading. Since Solomon's complaint was filed on June 22, 2003 he is well within the statutory period, however it is calculated, and his claims were timely filed.[20]

## V. CONCLUSION

Because the statute of limitations on Solomon's claims for unlawful retaliation was equitably tolled by pursuit of an alternative remedy in the federal courts, Solomon's claims were timely filed. Accordingly we REVERSE the judgment of the superior court, VACATE its award of attorney's fees, and REMAND for trial on the merits.

EASTAUGH, Justice, not participating.

---

**20.** This conclusion regarding equitable tolling makes it unnecessary for us to resolve the parties' arguments under Alaska's savings statute or under federal law. Additionally, of course, the superior court's award of attorney's fees to IRHA must be vacated.