FILED

JUN 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID SIMMONS, | No. 11-35301 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00280-JWS |
| v. | |
| STEPHEN B. WALLACE; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted June 26, 2012**

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

   David Simmons appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging that the State of Alaska, two of its judges, and

two of its prosecutors violated his constitutional rights by retrying him on new

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

charges after the Alaska Court of Appeals invalidated a conviction arising from the same incident. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Simmons' claims against the State of Alaska under the Eleventh Amendment. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (Eleventh Amendment bars a § 1983 action against a state).

The district court properly dismissed Simmons' claims against the state court judges who participated in his retrial because they are entitled to absolute immunity. *See Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (holding that a judge is entitled to absolute immunity even if he takes an action that violates the Double Jeopardy Clause).

The district court properly dismissed the remainder of Simmons' action as time barred because Simmons failed to show a basis for equitable tolling. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (forum state's tolling laws apply to § 1983 claims unless they are inconsistent with federal law); *Solomon v. Interior Reg'l Hous. Auth.*, 140 P.3d 882, 884 (Alaska 2006) (explaining grounds for equitable tolling when a plaintiff pursues "multiple legal remedies").

Simmons' remaining contentions, including that the district court imposed a heightened pleading standard, are unpersuasive.

**AFFIRMED.**