*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| WILLIE K. JACKSON, | ) | |
| | ) | Supreme Court No. S-15722 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-11436 CI |
| v. | ) | |
| | ) | O P I N I O N |
| MUNICIPALITY OF ANCHORAGE, | ) | |
| | ) | No. 7115 – August 5, 2016 |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Willie Jackson, pro se, Appellant. Dennis A. Wheeler, Municipal Attorney, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Fabe, Winfree, and Bolger, Justices. [Maassen, Justice, not participating.]

STOWERS, Chief Justice.

## I.    INTRODUCTION

The Anchorage Police Department seized Willie Jackson's personal property pursuant to arrests in 2004 and charged him with several state-law felonies, which were later dropped after he was indicted on federal charges. In December 2012, nearly eight years after the Anchorage police's initial seizure of his property, Jackson filed a conversion suit against the Municipality of Anchorage. In his complaint, he alleged that the Municipality unlawfully failed to return his seized property despite a

September 2006 order from the U.S. District Court for the State of Alaska ordering its return.  The Municipality moved to dismiss the case based on the statute of limitations.  The superior court dismissed Jackson's case under Alaska Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and Jackson appeals.  Because Jackson's complaint alleged facts which, if proved, are sufficient to entitle him to some form of relief, we reverse the order dismissing Jackson's complaint and remand for further proceedings.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

In 2004 the Anchorage Police Department (APD) seized Jackson's personal property, including cash, coins, a 1990 Oldsmobile, a wedding ring, and various other items during searches in conjunction with two arrests.  In December 2004, following Jackson's indictment in the U.S. District Court on charges related to possession of cocaine and firearms, the State of Alaska dismissed the Alaska felony criminal charges it had filed against Jackson.

In November 2005 Jackson was convicted of possessing cocaine and cocaine base and of being a felon in possession of a firearm; he was sentenced the following March.  Approximately a week after he was sentenced, Jackson filed a request in the federal court for return of his property and a stay of forfeiture of any property "until conclusion of all proceeding[s] resulting from appeal of this [c]ase."

In April 2006 U.S. District Court Judge Ralph Beistline granted Jackson's request, staying the forfeiture of evidence that was possibly subject to criminal forfeiture pending appellate review and directing the government to return Jackson's property not subject to forfeiture.  Approximately five months later, Judge Beistline issued another order granting Jackson's motion to compel the return of his property.  In November 2006 Assistant U.S. Attorney David Nesbett filed notice that he had complied with the order

to return the property and had coordinated with Jackson's counsel to facilitate the return of Jackson's wedding ring but that APD held all other items as evidence. In January 2007 Jackson filed a "Notice: Of Property Held In Contradiction Of Court Order By The Prosecution et al." asserting that the property seized during the 2004 arrests — including the 1990 Oldsmobile and ring — had not been returned to him; he requested its return or compensation for its monetary value.

In May 2007 Judge Beistline again ordered the "immediate return" of Jackson's 1990 Oldsmobile and wedding ring and the return of the remainder of Jackson's property at "the conclusion of the appellate process." In April 2010 Jackson filed a petition for writ of certiorari with the United States Supreme Court seeking review of his conviction; his petition was denied in October 2010, thus concluding the federal appellate process.

In May 2011 Assistant U.S. Attorney Kevin Feldis filed a status report explaining that the government had requested that APD make available to Jackson's designee any of his property it had seized as evidence related to his federal prosecution. Feldis informed the court that APD had impounded and then sold at auction in 2004 the 1990 Oldsmobile and that any property belonging to Jackson still held by APD would be applied toward Jackson's outstanding $6,000 debt to the Municipality. Jackson filed a writ of execution which Judge Beistline denied in a January 2012 order, which stated "Defendant's current dispute is with the Municipality of Anchorage."

B.    Proceedings

Jackson filed his complaint against the Municipality in September 2012, alleging that APD converted his property in conjunction with the 2004 seizure of the

property.[1]  The Municipality moved to dismiss Jackson's lawsuit under Alaska Civil Rule 12(b)(6), arguing that Jackson's complaint was facially deficient because it failed on statute of limitations grounds.  The Municipality asserted that the events on which Jackson based his conversion claim had occurred in 2004 and that Jackson's filing deadline passed several years before he filed his claim "[r]egardless of any intervening order addressing an entity which is not now before this [c]ourt."  The Municipality asserted that Jackson's claims were governed by the two-year statute of limitations set forth in AS 09.10.070, which provides in part:

> (a) Except as otherwise provided by law, a person may not bring an action . . .
>
> (3) for taking, detaining, or injuring personal property, including an action for its specific recovery . . .
>
> unless the action is commenced within two years of the accrual of the cause of action.

The Municipality claimed that Jackson was aware of all relevant facts concerning his claim and therefore should have brought his conversion action within this two-year statutory timeframe after his arrests in 2004.

The superior court issued a Notice of Intent to Grant Defendant's Motion to Dismiss, allowing Jackson 20 additional days to file an opposition; Jackson filed his "Reply" (which is more appropriately categorized as an opposition) with the superior court on the same day.  In his opposition Jackson asserted that his property was "*in*

---

[1]  Objecting to the form of Jackson's complaint, the Municipality filed a Motion for a More Definite Statement, which the superior court denied in November 2013.  The superior court noted that while Jackson's complaint was written in a non-conforming narrative style, "the singular allegation that is clear is that the plaintiff claims that the defendant seized property of the plaintiff and failed to return it to the plaintiff despite an order from the federal court," and it ordered the Municipality to answer the "singular complaint" identified by the court.

*custodia legis*[2] subject exclusively to the orders of the [U.S.] District Court " and that Judge Beistline had ordered its return in his April 2006 order. He further argued that the plain text of AS 09.10.070(a), which states that "[a] person may not bring an action . . . upon a liability created by statute, other than a penalty or forfeiture," provides an explicit exemption from the two-year bar for forfeiture claims. He claimed that the two-year bar under AS 09.10.070(a) thus did not apply to his claim because "[t]his action was not created by any statute identified by the [Municipality] . . . [and] there is no statute that can be applied to create a liability in which [AS] 09.10.070(a) can attach." Jackson categorized the Municipality's refusal to return his property as a "theft, by the Municipality," and he asserted that the Oldsmobile, property in the Oldsmobile, and currency were never "under the jurisdiction of the Municipality."

Jackson also argued that he was only made aware that his claim was exclusively against the Municipality in January 2012 when Judge Beistline issued the order stating, "[Jackson's] current dispute is with the Municipality of Anchorage." Jackson argued that even if the two-year bar under AS 09.10.070 applied, his filing of the complaint in September 2012 would have been timely because he filed it only eight months after he was made aware that his claim was against the Municipality. Jackson also disputed the Municipality's argument that federal court orders issued in 2006 were issued after the statute of limitations had run on "most, if not all property claimed had been disposed [of] pursuant to law"; Jackson argued that the District Court maintained "jurisdiction" under the legal concept of *in custodia legis*, which he supported by reference to a number of federal cases discussing the principle that ownership of seized property held in custody remains with the court that seized it until a final determination

---

     **2**      *In custodia legis*, a Latin phrase which translates to "[i]n the custody of the law," is "traditionally used in reference to property taken into the court's charge during pending litigation over it." BLACK'S LAW DICTIONARY (10th ed. 2014).

is made in forfeiture proceedings.

The Municipality replied to Jackson's opposition and reiterated its position that Jackson's claim was time-barred. Citing *Haakanson v. Wakefield Seafoods, Inc.*,[3] the Municipality asserted that claims concerning events that occurred ten years earlier — like Jackson's — are the types of "stale claims" that the Alaska Legislature and the Alaska Supreme Court intended to prohibit by codifying limits for all civil actions. The Municipality also argued that the statute was not tolled due to Jackson's imprisonment and that Jackson had not explained how documents filed in a federal criminal action to which the Municipality was not a party would toll the statute of limitations.

The superior court issued an order indicating that it was inclined to grant the motion to dismiss; the court explained that the May 2007 order issued by Judge Beistline established the accrual date of Jackson's claim because that order stated that Jackson was entitled to the return of the vehicle and provided him with a procedure by which to regain its possession and "[b]ecause the District Court [had] surrendered its jurisdiction over the items in 2007." Therefore, the superior court concluded that Jackson's suit was likely barred by the two-year statute of limitations under AS 09.10.070 because he filed his complaint in 2012, and the statute of limitations "would have run no later than 2009."

However, the superior court provided Jackson an additional 15 days to "articulate why the statute of limitations should be tolled following the District Court's 2007 Order Re Distribution Of Property until 2012 when the plaintiff filed suit." Jackson filed his "Response At Court's Request" arguing that the discovery rule should toll the statute of limitations. He asserted that "[i]t would not have been reasonable for

---

[3]     600 P.2d 1087, 1090 (Alaska 1979) (referencing the general policy in AS 09.10.010 to establish limits in civil actions to "assur[e] fresh evidence at trial").

Jackson to suspect that his rights needed protection . . . before reception of Docket No. [361] [federal status report dated May 18, 2011] . . . and [u]pon the notification made apparent by the Status Report [361]." Jackson argued that his complaint filed on September 12, 2012, was therefore within the statute of limitations under AS 09.10.070 and the discovery rule.

The Municipality responded that Jackson had not conducted a "reasonable inquiry" to determine the elements of his claim, as required by the discovery rule, because Jackson had been on notice of his claim at least since 2007 when Judge Beistline issued his order stating that "Defendant need only submit the appropriate paperwork to the Anchorage Police Department in order to take possession of [the 1990 Oldsmobile and the ring]." Because of Judge Beistline's explicit notification in 2007, the Municipality argued that Jackson had sufficient information to inform him of his claim against APD for conversion and that Jackson's failure to file suit after he was informed by Judge Beistline that he needed to contact the APD regarding his property demonstrated Jackson's failure to make a "reasonable inquiry" sufficient to justify tolling the statute of limitations past 2009.

The superior court granted the Municipality's Rule 12(b)(6) motion to dismiss. It concluded that the discovery rule provides that the statute of limitations begins to run when "a person discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action" or "has sufficient information to prompt an inquiry into the cause of action."[4] Applying the discovery rule to Jackson's claim, the superior court concluded that Jackson "reasonably should have discovered that he had a claim about his property in 2007" and that this should have "prompt[ed] an

---

[4] *John's Heating Serv. v. Lamb*, 129 P.3d 919, 923 (Alaska 2006) (citing *Cameron v. State*, 822 P.2d 1362, 1366 (Alaska 1991)).

inquiry to APD regarding the disposition of his property" and enabled Jackson to file a timely claim by 2009. The superior court entered final judgment and granted the Municipality's request for attorney's fees. Jackson appeals.

## III. STANDARD OF REVIEW

We review the dismissal of a complaint for failure to state a claim under Rule 12(b)(6)[5] and the application of a statute of limitations de novo.[6] We construe the complaint liberally, treating all factual allegations as true[7] and "[making] all reasonable inferences in favor of the non-moving party."[8] Failing to file a complaint within the time set out by a statute of limitation is a ground for dismissal under Rule 12(b)(6).[9] However, we "look upon the defense of statute of limitations with disfavor and will strain neither the law nor the facts in its aid."[10] Thus, the "complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim' that would entitle him to some form of relief, even if the plaintiff

---

[5] *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012) (citing *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 253 (Alaska 2000)); *Solomon v. Interior Reg'l Hous. Auth.*, 140 P.3d 882, 883 (Alaska 2006).

[6] *Solomon,* 140 P.3d at 883 (citing *Alderman v. Iditarod Props., Inc.*, 104 P.3d 136, 140 (Alaska 2004)).

[7] *Larson*, 284 P.3d at 6 (citing *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1151 (Alaska 2009)).

[8] *Kaiser v. Umialik Ins.*, 108 P.3d 876, 879 (Alaska 2005) (alteration in original) (quoting *Kollodge v. State*, 757 P.2d 1024, 1026 & n.4 (Alaska 1988)).

[9] *Id.* (citing *Hutton v. Realty Execs., Inc.*, 14 P.3d 977, 979 (Alaska 2000)).

[10] *Solomon,* 140 P.3d at 883 (alteration omitted) (quoting *Fred Meyer of Alaska, Inc., v. Adams*, 963 P.2d 1025, 1027 n.6 (Alaska 1998)).

requests a type of relief he is not entitled to obtain."[11]  "[I]t is a legal question whether undisputed facts establish that a plaintiff is on inquiry notice."[12]  We review de novo rulings on legal questions,[13] and we review for clear error factual findings related to the reasonableness of an inquiry.[14]

## IV.  DISCUSSION

### A.  Considering All Of The Facts In The Light Most Favorable To The Non-Moving Party, It Was Error To Dismiss Jackson's Complaint For Failure To State A Claim.

Jackson argues that the superior court erred in concluding that his complaint was time-barred under the two-year statute of limitations in AS 09.10.070 on the grounds that he should have reasonably discovered information sufficient to alert him about his claim by 2007.

In *John's Heating Service v. Lamb*,[15] we explained how the discovery rule affects the accrual of a cause of action:

> (1) a cause of action accrues when a person discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action;

---

[11]  *Larson*, 284 P.3d at 6 (quoting *Guerrero*, 6 P.3d at 254).

[12]  *Christianson v. Conrad-Houston Ins.*, 318 P.3d 390, 396 (Alaska 2014) (alteration in original) (quoting *Egner v. Talbot's, Inc.*, 214 P.3d 272, 277 (Alaska 2009)); *see also Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1276 (Alaska 2013) ("When [plaintiff] [is] on inquiry notice is a question of fact that 'depends upon all of the surrounding circumstances' and is reviewed for clear error." (first quoting *Preblich v. Zorea*, 996 P.2d 730, 736 (Alaska 2000); then citing *Sengupta v. Wickwire*, 124 P.3d 748, 752 (Alaska 2005))).

[13]  *Christianson,* 318 P.3d at 396 (citing *Egner*, 214 P.3d at 277).

[14]  *Id.*

[15]  129 P.3d 919, 923-24 (Alaska 2006).

(2) a person reasonably should know of his cause of action when he has sufficient information to prompt an inquiry into the cause of action, if all of the essential elements of the cause of action may reasonably be discovered within the statutory period at a point when a reasonable time remains within which to file suit.[16]

We have also explained that:

If the [person's] inquiry was not reasonable, then the cause of action accrues at the inquiry-notice date "unless a reasonable inquiry would not have been productive within the statutory period."  But if a reasonable inquiry was made, the limitations period is tolled until the plaintiff either: (1) "received actual knowledge of" the facts giving rise to the cause of action; or (2) "received new information which would prompt a reasonable person to inquire further."[17]

The superior court concluded that under the discovery rule, Jackson "reasonably should have discovered" that he had a property claim in 2007 because Judge Beistline's order had provided him with notice that APD held his property and that he needed to contact them.  Finding that Jackson failed to make such timely contact, the superior court concluded he had not met the requirements of the discovery rule and therefore had not demonstrated "any legal basis to toll the two-year statute of limitations" that would enable his claim to survive under Rule 12(b)(6).

We agree with Jackson that it was error for the court to conclude that his claim was time-barred under AS 09.10.070 on the ground that Jackson was on inquiry notice by 2007.  Assuming the facts as pleaded are true, we conclude that Jackson's complaint and attachments are sufficient to preclude dismissal under Rule 12(b)(6).

_____

[16]    *Id*.

[17]    *Gefre*, 306 P.3d at 1275 (first quoting *Pedersen v. Zielski*, 822 P.2d 903, 908 (Alaska 1991); then quoting *Cameron v. State*, 822 P.2d 1362, 1367 (Alaska 1991)).

While his pro se complaint is somewhat difficult to fully understand, Jackson's complaint alleged the following facts. In July 2004 his 1990 Oldsmobile was seized by police and sold at auction two months later, well before the initiation of criminal proceedings against him. In September 2006 the U.S. District Court ordered that his seized property — including the 1990 Oldsmobile and other property — be returned to him. And in a May 2007 inventory filing in federal court "the government attest[ed] to the fact that APD [s]ervice storage is in possession of the 1990 Maroon Olds" but a letter dated a month later from APD indicated that this car was impounded on July 2004.

Jackson's complaint also alleged that his property was converted and that the U.S. District Court retained jurisdiction over his property until August 2012: "[a]t the time the conversion took place (from APD to the Municipality of Anchorage) the U.S. District Court still had jurisdiction (thus leaving any other perceived jurisdiction without authority to gain control of r[e]maining property, and [the September 2006 U.S. District court order] in force)." The complaint further alleged the District Court did not "defer[] . . . jurisdiction to the [s]tate [c]ourts" until August 2012. In addition, his complaint alleged that sometime before August 2011, the Assistant U.S. Attorney assigned to Jackson's federal case notified him that APD would apply the proceeds of the sale of his outstanding property to a $6,000 debt with the Municipality, which Jackson inquired about by sending a letter to the Municipality in August 2011.

Construing the complaint liberally, as we must, and treating all factual allegations as true, and even accepting the superior court's formulation of the discovery rule, Jackson's complaint alleged at least four potential accrual dates for his conversion claim: 2004 (initial seizure of property), 2007 (inventory list including 1990 Oldsmobile and notice of 2004 impoundment), 2011 (notification that value of remaining property would satisfy $6,000 debt), and 2012 (order from Judge Beistline indicating that Jackson's dispute "is with the Municipality of Anchorage"). It also provided support to

the allegation that Jackson made numerous inquiries relevant to each of these dates to discover the status of his property and his claims. Given the myriad and complex factual allegations and the often inherently fact-specific nature of ascertaining when a plaintiff has sufficient notice — actual or implied — and whether a plaintiff's inquiry was reasonable,[18] it was error to conclude as a matter of law at the Rule 12(b)(6) motion to dismiss stage that Jackson's complaint was barred by the two-year statute of limitations. Construing the allegations in the complaint in Jackson's favor, his 2012 complaint was filed within the statute of limitations as calculated with reference to Judge Beistline's 2012 order. Therefore, the superior court's Rule 12(b)(6) dismissal of Jackson's conversion claim was erroneous.

## V. CONCLUSION

We REVERSE the superior court's Rule 12(b)(6) dismissal of Jackson's complaint and REMAND for further proceedings.

---

[18] *See, e.g.*, *Gefre,* 306 P.3d at 1274-76 (explaining the "doctrinal framework" of the discovery rule and recognizing that Alaska's discovery rule "may provide different possible dates on which a statute of limitations can begin to run" depending on the cause of action, case-specific facts supporting that cause of action, and whether a claimant can make a "productive" inquiry); *Cameron*, 822 P.2d at 1367-68 (noting that whether a claimant's inquiry is "reasonable" is a factual question and observing that "it is often necessary to conduct discovery to determine whether a claim is barred"); *Pedersen,* 822 P.2d at 908 (concluding that "[w]here the plaintiff actually attempts an inquiry, the fairer question in our view, is to ask whether his inquiry was reasonable[;] [w]here there is no attempt, however, there is no choice but to put the question in the abstract.").